# Order

Michigan Supreme Court
Lansing, Michigan

March 9, 2012

142320

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

            SC: 142320
            COA: 298964
            Macomb CC: 1998-003105-FH

WAMIDH BUTIRUS,
   Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the December 1, 2010 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

MARKMAN, J. (*concurring*).

I concur in the Court's order denying leave to appeal. In 1998, defendant, a noncitizen, pleaded no contest to fourth-degree criminal sexual conduct. Subsequently, the United States Supreme Court held that a criminal defense attorney must "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Padilla v Kentucky*, 559 US ___; 130 S Ct 1473, 1483; 176 L Ed 2d 284 (2010). Later, in May 2010, defendant filed a motion for relief from judgment, alleging that his trial counsel had provided ineffective assistance of counsel by failing to advise him of the immigration consequences of his no-contest plea. The trial court denied this motion, and the Court of Appeals denied leave to appeal. In order to obtain relief, defendant must establish that he was actually prejudiced by his counsel's failure to advise him concerning the risk of adverse immigration consequences. MCR 6.508(D)(3)(b); *Padilla*, 130 S Ct at 1483. Even assuming that *Padilla* applies retroactively to this case, as the trial court explained, "defendant has not proffered any evidence (i.e., an affidavit) establishing that his trial counsel failed to discuss the immigration ramifications of a guilty plea." Defendant also failed to present any evidence that he was actually prejudiced by such a failure. Defendant has since filed an affidavit with this Court in which he avers that his attorney failed to advise him of the immigration consequences of

his plea and that he would not have pleaded no contest had he known that he would be deported.  He also avers that he has been ordered deported to Iraq, but because of the war in that country, the Department of Homeland Security has placed him under an order of supervision until it is safe to physically deport him.  However, even assuming that this affidavit would be a sufficient offer of proof, it was never submitted to the trial court. Therefore, I cannot conclude that the trial court erred by denying defendant's motion for relief from judgment.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2012

_Corbin R. Davis_
Clerk

h0306